**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Chief Judge Lewis T. Babcock**

Criminal Action No. 05-CR-00467-LTB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.   SALVADOR VERA-FIGUEROA,
    a/k/a Sal vador Figuero-Mendoza
    a/k/a "Gordo,"
2.   JESUS VERA-FIGUEROA,
    a/k/a Jesus Figueroa-Mendoza,
    a/k/a Ruben Flores-Hernandez,
    a/k/a Antonio Florez-Perez,
    a/k/a "Chuy,"
3.   JOSE MANUEL VERA-TOPETE,
    a/k/a "Chepo,"
4.   JAIME VERA-TOPETE,
    a/k/a "Jaimillo,"
5.   SALVADOR DOMINGUEZ-PARADA,
    a/k/a "Prieto,"
6.   JOSE CORDOVA-VASQUEZ,
7.   HERMES ARZAPALO,
8.   CARLOS ARAZPALO,
9.   JOSHUA RODRIGUEZ,
10.  GWENDOLYN BALDWIN.
    a/k/a "Ace," and
11.  ALBERTO VIVIAN-TELLECHEA,
    a/k/a "Tubecho,"

    Defendants.
_____

**Order Declaring Case Complex**
_____

Plaintiff United States of America ("Government") moves to declare this case complex pursuant to 18 U.S.C. § 3161(h)(8)(A) and (B)(ii). For the reasons stated in Court at a Hearing December 5, 2005 and described below, the Government's motion is GRANTED.

The indictment in this case contains 38 counts of distribution of a controlled substance, 21 U.S.C. § 841(a)(1) and (b)(1), conspiracy to distribute a controlled substance, 21 U.S.C. § 846, use of the phones to distribute a controlled substance, 21 U.S.C. § 843(b), and aiding and abetting, 18 U.S.C. § 2.  There are eleven named defendants. All of the defendants are alleged to be co-conspirators under Count 1.   The alleged conspiracy covers the period of October 2004 through October 19, 2005, approximately one year.  Count 2 asserts charges of distribution, conspiracy and aiding and abetting. Counts 3 - 11 are distribution offenses. Counts 12 - 38 are counts involving using the phones to distribute controlled substances. Counts 1 and 2 have a potential term of incarceration of 5 to 40 years.

This case involves a substantial amount of transcripts from wiretapped phone communications. The Government estimates there are approximately 7,612 calls that were intercepted, and approximately 1,851 of these calls are pertinent to the Government's case. These calls were mainly in Spanish, and will therefore require translation as well as transcription. In addition to the Government's translation of these transcripts, it will also be necessary to have Court appointed translators translate these transcripts. The Government states that it has completed translation and transcription of approximately 90% of the pertinent calls, but it has not yet initiated the transcription or translation of the remaining calls.

It is also anticipated that defense counsel will offer numerous pre-trial motions, including discovery motions and motions to suppress statements and physical evidence under the Fourth and Fifth Amendments. Since this is a conspiracy case, it will involve a *James* proffer from the Government with motions in response by defendants. All of these motions render this case further complex.

Two defendants, through their counsel, oppose the Government's motion to declare this

case complex. One defendant argues that he is named only in conspiracy counts, and the other that he is named only in conspiracy counts and one other count, and that this case is therefore not complex as to them. However, both of these defendants are alleged to be part of the conspiracy. Unless these defendants can show that their cases should be severed, I conclude at this time that this case, as a matter of fact and law, is complex as to all defendants.

Therefore, it is so ordered that,

The Government's Motion to declare this case complex pursuant to 18 U.S.C. § 3161(h)(8)(A) and (B)(ii) is GRANTED;

The Government will submit a *James* proffer, consisting of the evidence the Government will rely on to make its conspiracy charge, the duration of the conspiracy, the participants in the conspiracy, the statements the Government proposes to use at trial under Fed. R. Evid.. 801(d)(2)(E) and how the statements made were in furtherance of the conspiracy, on or before January 13, 2006;

Defendants' discovery motions will be due on or before January 13, 2006; and

A hearing on further status and scheduling is set for January 13, 2006 at 3:00pm. Defendants who intend to be present will provide notice to the Court on or before January 6, 2006.

**DONE and ORDERED,** this   5th   day of December, 2005 at Denver, Colorado.

                                                 s/Lewis T. Babcock
                                                 United States District Chief Judge